IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV297-1-MU

CALVIN WILSON,  )
 )
    Petitioner,  )
 )
v.  )  **O R D E R**
 )
UNITED STATES OF AMERICA,  )
 )
    Respondent.  )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed July 27, 2007.

On July 31, 1992, Petitioner was convicted in this Court on one count of conspiracy to distribute cocaine. On that same date, this Court sentenced Petitioner to 72 months imprisonment. Petitioner had been sentenced to life imprisonment in state court on July 27, 1992. Petitioner therefore could not immediately serve his federal sentence and a federal detainer was placed on him.

On July 27, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner argues that the federal detainer should be removed because it is causing him undue hardship. That is, because of the detainer he cannot, among other things, participate in off-site job programs, be placed in minimum custody, or take classes. Petitioner requests that this Court vacate his original sentence and resentence him to a federal sentence concurrent with his state sentence and crediting him with all the time he has served in state prison.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

A Motion to Vacate may be made by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Petitioner provides no basis for altering his federal sentence other than that he does not like the effect it has on him in state custody. Petitioner has failed to set forth any legal basis for granting him relief from his federal sentence.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: August 1, 2007

Graham C. Mullen
United States District Judge