# UNITED STATES DISTRICT COURT
## Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>CALVIN WILSON )<br>)<br>)<br>Filed Date of Original Judgment: 9/25/1992 )<br>(Or Filed Date of Last Amended Judgment) ) | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: DNCW391CR000094-006<br>USM Number: 09125-058<br><br>Edward T. Hinson, Jr<br>Defendant's Attorney |

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))
- ☒ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim . P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant
  ☐ 28 U.S.C. § 2255   Or   ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order 18 U.S.C. § 3664

**THE DEFENDANT:**

☒ Pleaded guilty to count(s) 1.
☐ Pleaded nolo contendere to count(s) which was accepted by the court.
☐ Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute cocaine | Sept. 1990 | 1 |

    The Defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).
☐ Count(s) (is)(are) dismissed on the motion of the United States.

☒ It is ordered that the Defendant shall pay a special assessment of $ 50 for count(s) 1 , which shall be due X immediately

    **IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: 5/7/2015

Signed: May 12, 2015

Graham C. Mullen
United States District Judge

AO 245C (WDNC Rev. 02/11) Judgment in a Criminal Case
AO 245C  (WDNC Rev. 02/11) Judgment in a Criminal Case

Defendant: Calvin Wilson  
Case Number: DNCW391CR000094-006

Judgment- Page **2** of **3**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SEVENTY TWO (72) MONTHS to run **concurrently** with any State sentence defendant may be serving..

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ The Defendant is remanded to the custody of the United States Marshal.

☐ The Defendant shall surrender to the United States Marshal for this District:

    ☐ As notified by the United States Marshal.
    ☐ At _ on _.

☐ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ As notified by the United States Marshal.
    ☐ Before 2 p.m. on _.
    ☐ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.

_____  
United States Marshal

                                        By: _____  
                                                    Deputy Marshal

AO 245C  (WDNC Rev. 02/11) Judgment in a Criminal Case

AO 245C  (WDNC Rev. 02/11) Judgment in a Criminal Case

Defendant: Calvin Wilson  
Case Number: DNCW391CR000094-006

Judgment- Page **3** of **3**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>FOUR (4) YEARS</u>.

While on supervised release, the Defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.  The Defendant shall comply with the standard conditions that have been adopted by this Court (set forth below) If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the Defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The Defendant shall comply with the following additional conditions:

X  The Defendant shall report in person to the Probation Office in the District to which the Defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

X  The Defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X  The Defendant shall not possess a firearm or destructive device.

X  The Defendant shall submit to drug testing, treatment and aftercare as directed by the Probation Office.

☐  The Defendant shall provide access to financial information to the Probation Office.

☐  The Defendant shall reimburse the Government for costs of court-appointed counsel.

## STANDARD CONDITIONS OF SUPERVISION

While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall not commit another federal, state or local crime. In addition:

1) the Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the Defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the Defendant shall support his or her dependents and meet other family responsibilities;

5) the Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the Defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the Defendant shall notify third parties of risk that they may be occasioned by the Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.